IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| EMMANUEL TERRILL PLEDGE,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN GARDENER, *et al.*,<br><br>Defendants. | No. 24-CV-0103-CJW-KEM<br><br>**MEMORANDUM, OPINION,<br>AND ORDER** |

_____

This matter is before the Court on plaintiff Emmanuel Pledge's pro se complaint filed under Title 42, United States Code, Section 1983 (Doc. 1-1) and motion to proceed in forma pauperis (Doc. 1). Plaintiff alleges defendants violated his rights at Linn County Correctional Center.

Plaintiff, incarcerated at Linn County Correctional Center in Cedar Rapids, Iowa, did not submit the statutory filing fee.[1] *See* 28 U.S.C. § 1914(a) (requiring filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. *See* 28 U.S.C. § 1915(a)(2).

---

[1] This includes the $350 filing fee set out by 28 U.S.C. § 1914(a) and the additional $55.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $55 . . . .").

However, an incarcerated plaintiff is prohibited from applying to proceed in forma pauperis if he or she has three qualifying "strikes" under Title 28, United States Code, Section 1915(g).[2] Plaintiff has at least three strikes. On September 13, 2024, the Court dismissed five Section 1983 complaints filed by plaintiff. Four of those complaints were dismissed for failure to state a cognizable claim. (24-CV-69-CJW-KEM, Doc. 8; 24-CV-84-CJW-KEM, Doc. 3; 24-CV-92-CJW-KEM, Doc. 2; 24-CV-96-CJW-KEM, Doc. 2). In doing so, the Court admonished plaintiff for filing complaints that failed to comply with Federal Rule of Civil Procedure 8(a)(2), contained nonsensical, conclusory allegations untied to individual defendants, and regularly included improper defendants. Because plaintiff had three strikes prior to filing this complaint, his motion to proceed in forma pauperis (Doc. 1) is **denied** pursuant to Section 1915(g).[3]

---

[2] That section states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff's complaint does not contain an indication he is in danger of serious injury.

[3] The September 13, 2024 order noted that plaintiff had filed a series of seven cases in this Court in a matter of weeks and that most of his complaints failed to comply with Federal Rules of Civil Procedure. Based on that, the Court stated that "plaintiff is put on notice that if he files further frivolous cases in this district, or continues to submit filings that fail to follow the standards that are described in this order, he will be directed to show cause why he should not be sanctioned for abusing the judicial system." (24-CV-69-CJW-KEM, Doc. 8, at 28). Even though plaintiff filed the instant complaint after the September 13, 2024 order, it is possible that the plaintiff had not yet received that order in the mail. Thus, the Court will not direct plaintiff to show cause why he should not be sanctioned in this case. The Court will do so, however, if plaintiff files further cases in this district that do not comply with the Federal Rule of Civil Procedure or are patently frivolous.

Plaintiff would need to pay the full filing fee to continue pursuing this case. That would be fruitless, though, because once again plaintiff's complaint fails to state a cognizable claim. (Doc. 1-1). As in plaintiff's previous cases, plaintiff fails to include a short and plain statement of discernible claims. For example, plaintiff does not identify on his Section 1983 form which federal constitutional or statutory rights the nine listed defendants allegedly violated. Instead, he states that "I was deprived yet again to urge that supplications, prayer, intercessions and thanksgiving be made concerning all sorts of men, concerning kings, and all those who are in high places of authority so that we may go on lending a clam and quiet life with complete Godly devotion and seriousness." (*Id.*, at 3). That is completely nonsensical. For the facts underlying his claim, plaintiff states that:

> I was deprived of my right to speak to a Serg. or have freeness of speech regarding a corresponding of my privileges that Captain Steenblock and I personally had Sept. 11, prior to all of this becoming a daily disruption. Had Captain Steenblock or the entire administration (which are the defendants) not failed at managerial modesty the staff could have appropriately handled the situation better without any further anger or debate. Instead, due to Deputy Ruzicka, Deputy Hart, being mislead they both decided to attack me, starting by Ruzicka put his hands on me 1st and I defended myself by wrestling with the two before giving up and submitting to their authority, and being deemed as the transgressor of that situation. Merits within.

(*Id.*, at 5). Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of each claim against each defendant. In other words, it requires that the plaintiff identify what each defendant did or did not do as a part of each claim. Plaintiff's instant complaint fails to do so, and thus it suffers from the same deficiencies as his prior complaints.

For the reasons stated:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 1) is **denied** because plaintiff previously accrued three strikes.

2. In a typical case, the Court would give plaintiff 30 days to pay the filing

3

fee. However, the Court declines to do so in this case because even if plaintiff paid the filing fee, his complaint would be dismissed pursuant to Title 28, United States Code, Section 1915A for failure to state a claim. Accordingly, the Court simply **dismisses** plaintiff's complaint for failure to pay the filing fee.

3. Plaintiff is again reminded that future frivolous filings will result in an order directing him to show cause why he should not be monetarily sanctioned.

**IT IS SO ORDERED** this 26th day of September, 2024.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa